UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SWIATKOWSKI,          )
                Petitioner,    )
                               )          No. 4:06-cv-47
-v-                            )
                               )          HONORABLE PAUL L. MALONEY
MARY BERGHUIS,                 )
                Respondent.    )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Michael Swiatkowski ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  The magistrate judge issued a report (Dkt. No. 27) recommending the petition be denied. Petitioner, through counsel, timely filed objections.  (Dkt. No. 28.)

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed.  *Sullivan*, 431 F.3d at

_____

[1]The rule has since been amended to allow up to fourteen days to file objections.

984; *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## ANALYSIS

Petitioner was convicted of first-degree criminal sexual conduct and second-degree criminal sexual conduct.  He appealed.  The Michigan Court of Appeals affirmed his conviction.  The Michigan Supreme Court denied his request for leave to appeal.

The petition to this Court raises four claims, all of which were exhausted on direct appeal.  The magistrate judge recommends denying the petition, finding no merit in any of the claims.  In his objection, Petitioner addresses only his claim for ineffective assistance of counsel.  Petitioner does not object to the magistrate judge's recommendations as to his other three claims.  Accordingly, the magistrate judge's recommendations for Petitioner's claims for newly discovered evidence, prosecutorial misconduct, and violations of the Sixth Amendment are ADOPTED as the opinion of this Court.

The magistrate judge accurately outlined the relevant legal standards for reviewing Petitioner's ineffective assistance of counsel claims.

### A.  Objection 1 - David Rhodes

Prior to the incidents which led to Petitioner's conviction, the victim had accused another man, David Rhodes, of sexually assaulting her.  Rhodes entered a no contest plea and was convicted of sexual assault.  Trial counsel was aware that Rhodes had entered a plea and had been convicted, but chose not to interview Rhodes.  Petitioner makes two arguments.  First, trial counsel was ineffective for failing to conduct a pretrial investigation into the victim's previous accusations of sexual assault.

Second, trial counsel was ineffective for failing to present evidence at trial that a prior sexual assault accusation had been made by the victim.   The magistrate judge found no merit to Petitioner's arguments.  Petitioner objects.

Petitioner's objection is OVERRULED.  Trial counsel was aware that Rhodes was accused of sexually assaulting the victim in this case and that Rhodes had been convicted of the offense.  Petitioner has identified no specific information or detail that trial counsel did not know after his limited investigation that, if a more thorough investigation would have been pursued, would have discovered. Because Petitioner has not identified any such information, he has also not established any prejudice from the failure to investigate.  Accordingly, Petitioner has not established a failure to investigate claim for ineffective assistance of counsel.

Similarly, Petitioner has not established that had trial counsel presented evidence of the prior sexual assault at trial, that there was a reasonable probability that the outcome would have been different.[2]  Petitioner speculates several different ways the evidence would have been useful to his defense.  Assuming the testimony that Rhodes had been convicted of sexually assaulting the same victim was admissible, Petitioner's explanations for how the testimony could have been useful are not convincing.[3]  The evidence in the record establishes that victims of sexual assault often delay reporting the assault.  The evidence does not show that a victim of a second sexual assault, several years after

---

[2]In his petition and in his objection, Petitioner describes the evidence that could have been admitted as the "prior accusation" and the "prior false accusation."  Rhodes was convicted of the offense and Petitioner has not put forth any evidence that the conviction has been overturned.

[3]It should be noted that, while Petitioner initially asserted a claim for ineffective assistance of counsel on the basis of failing to consult or obtain an expert.  The magistrate judge recommends rejecting the claim on the merits, and Petitioner has not objected to that recommendation.  It is difficult to envision how Petitioner could have altered the outcome of the trial had the evidence of the prior assault been admitted, but no expert was offered to provide an explanation of how the prior assault affected the victim.

3

the first assault, would be less likely to delay reporting the second incident.  The evidence about the changes in the victim's behavior referenced the time of the assault by Petitioner, not the time of the assault by Rhodes.  Even if Petitioner is correct that the evidence could have been useful, his speculation does not overcome the strong presumption that trial counsel's decision not to call Rhodes as a witness or introduce evidence about the prior assault was strategic.  At a *Ginther*[4] hearing, trial counsel testified that not introducing the evidence was a tactical choice.  Accordingly, the Michigan courts' application of clearly established federal law was not objectively unreasonable; it was neither contrary to nor an unreasonable application of clearly established federal law.

### B.  Objection 2 -Alicia Schoetozw

Alicia Schoetozw was a friend of the victim who lived in the neighborhood.  Some time before the victim accused Petitioner, the victim and Schoetozw watched a pornographic tape at Schoetozw's house.  Petitioner argues trial counsel was ineffective for failing to present evidence about this incident.  Petitioner argues Schoetozw testified at the *Ginther* hearing that the victim wanted to watch the tape, retrieved the tape from where it was hidden, and had the idea of watching the tape.  Petitioner argues the evidence would have been useful to undermine the unspoken assumption that the victim was naive, inexperienced, and lacked knowledge to fabricate allegations of sexual assault.  The evidence would also have bolstered Petitioner's credibility because he testified that the victim discovered Petitioner's adult material while babysitting.  Finally, Petitioner argues the evidence would have undermined the People's "grooming" theory.  The magistrate judge disagreed.  Petitioner objects.

Petitioner's objection is OVERRULED.  Petitioner overestimates the strength of this evidence.  At the *Ginther* hearing, Schoetozw did testify that the victim retrieved the pornographic tape from its

---

[4]*People v. Ginther*, 212 N.W.2d 922 (Mich. 1973)

hiding place. However, Schoetozw also testified that she was the one who informed the victim where the tape was located. Although Schoetozw did state that she thought the victim was the one who suggested watching the tape, on cross-examination, she testified that she could not remember whose idea it was to watch the tape. At best, the evidence would have shown that the victim had an awareness of sexual activity and an awareness that Schoetozw's mother kept pornography hidden in her house. The omission such evidence hardly constitutes an error of constitutional magnitude. The magistrate judge succinctly and persuasively explained why the evidence would not undermine the "grooming" theory. Petitioner has not established that had the evidence been presented at trial, a reasonable probability exists that the outcome would have been different.

Furthermore, Petitioner has not overcome the strong presumption that trial counsel's decision not to introduce this evidence was strategic. Trial counsel indicated that he thought the evidence was cumulative, because other witnesses testified that the victim had an interest in things of a sexual nature. Trial counsel also testified that presenting the evidence posed some risks and may have backfired. Accordingly, the Michigan courts' application of clearly established federal law was not objectively unreasonable; it was neither contrary to nor an unreasonable application of clearly established federal law.

### C. Objection 3 - Tattoo

On one of his upper thighs, Petitioner has a tattoo of a red heart with a knife through it. Trial counsel did not introduce a picture of the tattoo at trial. The victim had previously testified that the Petitioner had a tattoo, but could not identify the details of the tattoo.[5] At trial, defense counsel asked the victim to recall being asked about the tattoo. The victim recounted the testimony from the first trial,

---

[5]Petitioner had been previously tried on similar charges involving this same victim, but different incidents, in another county.

and recalled being able to describe the tattoo later that day outside of court.  On redirect, the victim described the tattoo with accurate details.  Petitioner argues trial counsel was ineffective for failing to admit a picture of the tattoo into evidence.  The magistrate judge disagreed.  Petitioner objects.

Petitioner's objection is OVERRULED.  At the *Ginther* hearing, trial counsel testified that in the first trial, Petitioner had the element of surprise regarding the tattoo because the tattoo was not listed in any of the police documents.  When asked whether Petitioner had any distinguishing marks, the victim answered that Petitioner had a tattoo, but was unable to provide any details about it.  Unlike the first trial, in the second trial, the victim offered an explanation for the inability to describe the tattoo on the stand, and then provided an accurate description of the tattoo.  Trial counsel successfully introduced the evidence favorable to Petitioner, the victim's inability to describe the tattoo at the first trial.  Admitting a picture of the tattoo into evidence would not have substantially aided Petitioner in the second trial because evidence about the tattoo had already been admitted.  Petitioner has not established that had the evidence been presented at trial, a reasonable probability exists that the outcome would have been different.

Furthermore, Petitioner has not overcome the strong presumption that trial counsel's decision not to introduce a picture of the tattoo was strategic.  The magistrate judge quoted the relevant portion of the *Ginther* transcript where trial counsel explains the reasoning behind his decision.  Plaintiff disagrees that the decision because of the success of the first trial, where the picture was admitted.  However, as explained above, with regard to evidence about the tattoo, there were important differences between the first and second trials that do not render trial counsel's decision unreasonable.  Accordingly, the Michigan courts' application of clearly established federal law was not objectively unreasonable; it was neither contrary to nor an unreasonable application of clearly established federal

law.

**CONCLUSION**

Petitioner has not established that trial counsel's conduct was objectively unreasonable. Accordingly, the magistrate judge's report and recommendations on Petitioner's ineffective assistance of counsel claim is ADOPTED as the opinion of this Court and the petition for writ of habeas corpus is DENIED.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the record for the purpose of determining whether a certificate of appealability should issue. The Court will grant a certificate of appealability for Petitioner's ineffective assistance of counsel for failing to introduce evidence about the prior incident involving

David Rhodes.  Reasonable jurists could debate whether that evidence would have a reasonable probability of altering the outcome of the trial and whether the decision not to introduce the evidence was a strategic one.  The Court will deny a certificate of appealability for Petitioner's other ineffective assistance of counsel claims. Based on the testimony offered by Schoetozw at the *Ginther* hearing, reasonable jurists would not disagree that trial counsel was not objectively unreasonable for failing to introduce it.  The testimony does not support Petitioner's claims.  Similarly, reasonable jurists would not disagree that trial counsel was not objectively unreasonable for failing to introduce a picture of Petitioner's tattoo.  Trial counsel made a strategic decision.  The differences between the first and the second trial undermine the strength of the tattoo evidence in the second trial.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED**

1.     The report and recommendation (ECF No. 27) is **ADOPTED**, over objections, as the opinion of this Court.

2.     The petition for writ of habeas corpus is **DENIED.**

3.     A certificate of appealability is **GRANTED** only for Petitioner's ineffective assistance of counsel claim for failure to introduce evidence about the victim's previous incident with David Rhodes.

Date:   July 7, 2011                                        /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    Chief United States District Judge